Estate of W. G. Wilson, Deceased, Central National Bank of Cleveland, Executor, v. Commissioner.
Estate of Wilson v. Commissioner
Docket No. 97435.
United States Tax Court
1943 Tax Ct. Memo LEXIS 469; 1 T.C.M. (CCH) 557; T.C.M. (RIA) 42669; February 4, 1943
*469 Walker H. Nye, Esq., 2800 Terminal Tower, Cleveland, O., for the petitioner. Thomas F. Callahan, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: The Commissioner determined a deficiency of $36,493.45 in income tax for the period January 1, 1935 to November 30, 1935. The sole issue for our decision is whether or not the income from three trusts should be taxed to the grantor under section 22 (a) of the Revenue Act of 1934. All of the facts have been stipulated and as stipulated are adopted as our findings of fact. Only those necessary to an understanding of the issue will be set forth herein. [The Facts] W. G. Wilson died November 30, 1935. Central National Bank of Cleveland qualified as executor under his will in the Probate Court of Cuyahoga County, Ohio, on December 10, 1935, and is still acting as such. By supplemental agreement executed on June 15, 1934, a trust instrument establishing a trust known as L-798 was so altered that the power which decedent, as grantor, had to amend, alter or revoke was relinquished. In addition the supplemental agreement provided (1) that the income was to be distributed equally to decedent's three children, and (2) that the *470 trust was to continue until midnight December 31, 1937, at which time if the grantor was still living the corpus should be paid over to him or as he directed. If the grantor died prior to that date the trust was to continue for seven years after his death and then the corpus was to be distributed equally to decedent's three children or, if any or all of them were dead, to certain contingent remaindermen not here material. On June 14, 1934, two other previously created trusts were changed by supplemental agreements to contain substantially similar provisions as set forth above for trust L-798. All of the trust instruments gave the trustee broad powers of control and management. They all contain the following provision: * * * It is understood that until said first party [decedent] shall indicate by writing filed with said second party [trustee] that he does not desire to be so consulted, said second party will advise with him as to any sale, investment or reinvestment of the trust estate or any part thereof if said first party shall be accessible and in the opinion of said second party in a condition to give such advice. The trustee was to receive 2 1/2 percent of all income collected *471 as its fee under each of the trust instruments. However, each of the three trust instruments had a provision whereby the grantor could, if he elected to do so, designate or appoint some other trust company located in Cleveland to act as trustee in place of the trustee named in the instruments. At the time that the supplemental agreements of June 14 and June 15, 1934, were executed all of the decedent's children signed the agreements. It took considerable explaining to get the signature of one of decedent's daughters. At that time all of the beneficiaries were adults and lived in separate homes apart from decedent. The son and the husbands of the daughters had separate incomes. [Opinion] The issue is whether or not the incomes of the trusts are taxable to decedent under section 22 (a), supra. The trusts were for a short term, from a minimum term of 3 1/2 years to a maximum of 10 1/2 years. The beneficiaries, although adults, were members of the grantor's family. Under the trust instruments a corporate trustee was appointed. This trustee was to receive a percentage of the incomes as its fee. The corporate trustee was given broad powers of control and management but it was *472 to "advise with him [grantor] as to any sale, investment or reinvestment of the trust estate * * *." Moreover, the trustee, although not specifically compelled to follow such advice, would most likely heed any wishes of the decedent since decedent reserved the power to remove the trustee and appoint some other trustee. Moreover, decedent retained an interest in the corpora in the event that he was still living at midnight December 31, 1937. From the foregoing discussion, it is apparent that decedent-grantor remained in substance the owner of the assets transferred in trust within the meaning of section 22 (a), supra, as that section was construed in . An alternate issue was raised in the petition but seems to have been waived since no facts in regard to such issue were contained in the stipulation of facts. Therefore, respondent committed no error in his determination of the deficiency. Decision will be entered for respondent.